UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HOWARD J. DANZIG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:06CV1480 HEA |
| | ) |
| VALLEY R-VI SCHOOL DISTRICT, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants Motions to Dismiss, [Doc. No.'s 11, 14 and 18]. Plaintiff has not responded to any of these motions.[1]

Plaintiff filed this *pro se* action against Defendants alleging that they participated in "Venue Fixing" by filing an alleged frivolous lawsuit in the Circuit Court of St Clair County, Illinois. Plaintiff further claims that he was deprived of Equal Protection of the laws of the State of Missouri; that he was denied due process; and that Defendants participated in a civil conspiracy against hin in violation of the Equal Protection Clause of the 14th Amendment to the United States Constitution. Basically, Plaintiff complains that the actions taken by Defendants in the Circuit Court of the State of Illinois amount to "venue fixing" against him in that

---

[1] Pursuant to the Court's Local Rules, failure to respond to a motion can be construed as an admission of the merits thereof.

he is a citizen of the State of Missouri and this action is in Illinois. Plaintiff believes that because the underlying action was filed in the State of Illinois, he will, in effect be prejudiced by the local defendants.

All Defendants have filed Motions to Dismiss. When considering a motion to dismiss whether on the grounds of lack of subject matter jurisdiction under Rule 12(b)(1) or for failure to state a claim under Rule 12(b)(6), the Court must take the material allegations of the complaint as true and liberally construe the complaint in plaintiff's favor. *Rucci v. City of Pacific*, 327 F.3d 651652 (8th Cir. 2003); *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001); *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994); *Scheuer v. Rhodes,*, 416 U.S. 232 (1974). The purpose of a motion under Rule 12(b)(6) is to test the sufficiency of the complaint. A complaint "should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Gilmore v. County of Douglas, State of Neb*., 406 F.3d 935, 937 (8th Cir. 2005). When considering a motion to dismiss, courts are required to accept the complaint's factual allegations as true and to construe them in the light most favorable to the plaintiff. *Krentz v. Robertson Fire Protection District,* 228 F.3d 897, 905 (8th Cir. 2000). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588,

590 (8th Cir. 2004). A complaint should not be dismissed "merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations." *Krentz*, 228 F.3d at 905. Further, a complaint should not be dismissed unless "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Midwestern Machinery, Inc.*, at 441 (8th Cir. 1999) (citing *Springdale Education Association v. Springdale School. Dist.,* 133 F.3d 649, 651 (8th Cir. 1998)); *McCormack v. Citibank, N.A.,* 979 F.2d 643, 646 (8th Cir.1992) (quoting *Conley v. Gibson,* 355 U.S. at 45-46.

Defendants Fiss and Gleeson argue that this Court lacks subject matter jurisdiction because the action is barred by the Eleventh Amendment.[2] Absent consent to be sued or Congressional abrogation, the Eleventh Amendment bars federal court actions against a state or its agencies. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63 (1989); *Pennhurst State School & Hosp. V. Halderman*, 465 U.S. 89, 100-01 (1984). The bar applies whether plaintiff is seeking damages or injunctive relief. *Pennhurst*, 465 U.S. at 100-01. Further, the immunity protects states from suits brought by its own citizens as well as by citizens of another state.

---

[2] The Eleventh Amendment provides:
The judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State.

*Florida Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670 (1982); *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

Defendants Fiss and Gleeson are sued in their official capacities as judges for the State of Illinois. The Eleventh Amendment does indeed bar actions against state officials in their <u>official</u> capacity when the "state is the real substantial party in interest. *Pennhurst*, 465 U.S. at 100-02. This Court therefore lacks subject matter jurisdiction over Defendants Fiss and Gleeson based on the sovereign immunity provided by the Eleventh Amendment. The motion to dismiss them is therefore well taken. Furthermore, these defendants are entitled to judicial immunity because the alleged wrongful actions were performed in their capacity as judges. *Forrester v. White*, 484 U.S. 219, 225-27 (1988).

With respect to the remaining defendants, this Court agrees with Judge Sippel's analysis in a nearly identical complaint by Plaintiff in Cause Number 1:6CV11 RWS. As Judge Sippel reasoned, and as is evident in the "Petition" before this Court, Plaintiff fails to set forth any federal statute or constitutional provision which prohibits "venue shopping" or "venue fixing." Thus, there is no basis upon which Plaintiff can state a federal question claim in this Court against these defendants.[3]

---

[3] While Plaintiff makes reference to "diversity of citizenship," there is clearly no diversity of citizenship jurisdiction in this case. Plaintiff's pleading itself establishes that Plaintiff is a citizen of the State of Missouri, as are several defendants.

The Court agrees with Defendants on the remaining claims. To survive dismissal of his section 1983 cause of action, Plaintiff must have sufficiently alleged Defendants deprived him of a right "secured by the Constitution and laws" of the United States, and the deprivation was caused by a person or persons acting under color of state law. 42 U.S.C. § 1983; *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978).

The Due Process Clause of the Fourteenth Amendment prohibits governments from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. This clause has two components: procedural due process and substantive due process. *County of Sacramento v. Lewis,* 523 U.S. 833, 840, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998). Plaintiff's Petition does not state whether his due process cause of action is a substantive due process or a procedural due process claim. To the extent Plaintiff is attempting to assert a substantive due process claim as well as a procedural due process claim, both of his due process claims fail.

"Procedural-due-process rights emanate from 'the words of the Due Process Clause of the Fourteenth Amendment: "No State shall ⋯ deprive any person of life, liberty, or property, without due process of law."' *Walker v. City of Kansas City,* 911 F.2d 80, 93 (8th Cir.1990), *cert. denied,* 500 U.S. 941, 111 S.Ct. 2234, 114 L.Ed.2d 476 (1991)." *Sylvester v. Fogley*, 465 F.3d 851, 857 (8th Cir. 2006). To

state a claim for procedural due process, a plaintiff must allege that he has a protected property or liberty interest at stake. Furthermore, a plaintiff must be deprived of notice and a meaningful opportunity to be heard. *Clark v. Kansas City Missouri School Dist.*, 375 F.3d 698, 701 (8th Cir.2004); *Krentz,* 228 F.3d at 902. Plaintiff does not contend that he was deprived of notice prior to any deprivation of property or liberty, he merely complains that Defendants are guilty of "venue fixing." No claim of procedural due process can be surmised from these allegations alone.

With respect to substantive due process, Plaintiff's Complaint fails as well. In analyzing a substantive due process claim, the Court's task is two-fold. First, the Court considers whether Plaintiff "possessed a right arising under the [F]ourteenth [A]mendment." *Wells v. Walker,* 852 F.2d 368, 370 (8th Cir.1988). Second, the Court determines "whether [Defendants'] conduct deprived [Plaintiff] of [that right] within the meaning of the due process clause." *Id.* "To meet [this] burden [Plaintiff] must demonstrate that the government action complained of is truly irrational, that is something more than ⋯ arbitrary, capricious, or in violation of state law." *Klein v. McGowan,* 198 F.3d 705, 710 (8th Cir.1999) (internal quotation omitted).

Plaintiff has failed to allege sufficient facts supporting either element of a substantive due process claim. First, Plaintiff does not allege or argue any liberty interest that is "deeply rooted in this Nation's history and tradition" so as to be

state a claim for procedural due process, a plaintiff must allege that he has a protected property or liberty interest at stake. Furthermore, a plaintiff must be deprived of notice and a meaningful opportunity to be heard. *Clark v. Kansas City Missouri School Dist.*, 375 F.3d 698, 701 (8th Cir.2004); *Krentz,* 228 F.3d at 902. Plaintiff does not contend that he was deprived of notice prior to any deprivation of property or liberty, he merely complains that Defendants are guilty of "venue fixing." No claim of procedural due process can be surmised from these allegations alone.

With respect to substantive due process, Plaintiff's Complaint fails as well. In analyzing a substantive due process claim, the Court's task is two-fold. First, the Court considers whether Plaintiff "possessed a right arising under the [F]ourteenth [A]mendment." *Wells v. Walker,* 852 F.2d 368, 370 (8th Cir.1988). Second, the Court determines "whether [Defendants'] conduct deprived [Plaintiff] of [that right] within the meaning of the due process clause." *Id.* "To meet [this] burden [Plaintiff] must demonstrate that the government action complained of is truly irrational, that is something more than ⋯ arbitrary, capricious, or in violation of state law." *Klein v. McGowan,* 198 F.3d 705, 710 (8th Cir.1999) (internal quotation omitted).

Plaintiff has failed to allege sufficient facts supporting either element of a substantive due process claim. First, Plaintiff does not allege or argue any liberty interest that is "deeply rooted in this Nation's history and tradition" so as to be

protected by the Fourteenth Amendment. *Washington v. Glucksberg,* 521 U.S. 702, 721, 117 S.Ct. 2258, 138 L.Ed.2d 772 (1997) (quotation omitted). There is no action alleged that was so "arbitrary" or "conscience-shocking" as to violate due process. *See Lingle v. Chevron U.S.A. Inc.,* 544 U.S. 528, ----, 125 S.Ct. 2074, 2084, 161 L.Ed.2d 876 (2005); *Lewis,* 523 U.S. at 846, 118 S.Ct. 1708; *Bonebrake v. Norris,* 417 F.3d 938, 942 (8th Cir.2005). Because Plaintiff has failed to meet his burden of showing irrationality, he has failed to meet the second element of a substantive due process claim. *Klein,* 198 F.3d at 710. Therefore, the due process claim must be dismissed. *Creason v. City of Washington,* 435 F.3d 820, 823 -825 (8th Cir. 2006).

Plaintiff's equal protection claim fails as well. The Equal Protection Clause requires the government treat all similarly situated people alike. *City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). As a threshold matter, to state an equal protection claim, Plaintiff must have established that he was treated differently from others similarly situated. *Johnson v. City of Minneapolis,* 152 F.3d 859, 862 (8th Cir.1998). Plaintiff fails to even acknowledge this requirement in his Petition, rather he merely states that his rights were violated. This bald allegation is insufficient to notify Defendants of a claim of unequal treatment.

Plaintiff also alleges "insurance fraud" as a claim. Under either the Federal Rules of Civil Procedure or the Missouri Rules of Civil Procedure, averments of fraud must be pled with particularity. See Fed.R.Civ.P. Rule 9 and Missouri Rules of Civil Procedure 55.15. The Petition satisfies neither procedure in that Plaintiff merely alleges that Defendants committed insurance fraud by filing an action against Plaintiff after a purported settlement with an insurance carrier.

The Court agrees with Defendants that Plaintiff's claims of "civil conspiracy" are nonsensical and insufficient to notify them of the claim against them under the notice pleading provisions of Rule 8 of the Federal Rules of Civil Procedure. This claim is therefore dismissed.

Finally, Plaintiff's claim of "stirring up unjustified litigation" must also be dismissed. Plaintiff attempts to state a claim for an alleged violation of an ethical canon. As Defendants correctly argue, the Missouri Rules of Professional Conduct are not intended to give rise to a cause of action nor do they create any presumption that a legal duty has been breached. *Williams v. Priman*, 911 S.W.2d 288 (Mo.App. 1985), reversed on other grounds; *Greening v. Klamen*, 652 S.W.2d 730 (Mo.App. 1983).

Based on the foregoing, Defendants' Motions to dismiss are well taken. Accordingly,

**IT IS HEREBY ORDERED** that Defendants Motions to Dismiss, [Doc. No.'s 11, 14 and 18], are granted.

**IT IS FURTHER ORDERED** that this matter is dismissed without prejudice to refiling in accordance with the law detailed herein.

Dated this 26th day of December, 2006.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE